UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRASER ROTCHFORD,

                Plaintiff,

v.

BELIEVE IN RECOVERY,

                Defendant.

Case No. 3:19-cv-05140-BHS-TLF

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT

This matter is before the Court on plaintiff's filing of a civil rights complaint. Plaintiff has applied for *in forma pauperis* status in this matter and is proceeding *pro se*. Considering deficiencies in the complaint discussed below, however, the undersigned will not grant plaintiff's IFP motion or direct service of the complaint at this time. On or before May 17, 2019, plaintiff must either show cause why this cause of action should not be dismissed or file an amended complaint.

## DISCUSSION

*Liability of Private Party*

Plaintiff cannot sue private actors like Believe in Recovery in a federal 42 U.S.C. § 1983 case. To state a claim under § 1983, a complaint must allege: (i) the conduct complained of was

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 1

committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Generally, private actors are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991).

To determine whether a private actor acts under color of state law for § 1983 purposes, the Court looks to whether the conduct causing the alleged deprivation of federal rights is "fairly attributable" to the state. *Price*, 939 F.2d at 707–08. Conduct may be fairly attributable to the state where (1) it results from a governmental policy and (2) the defendant is someone who fairly may be said to be a governmental actor. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). A private actor may be considered a governmental actor if the private actor conspires with a state actor or is jointly engaged with a state actor when undertaking a prohibited action. *Tower v. Glover*, 467 U.S. 914, 920 (1984). Receiving federal funding and being required to follow certain federal regulations does not turn a private entity into a government actor. *See Witmer v. Greater Lakes Mental Healthcare*, No. C15-5039 BHS, 2016 WL 1161689, at *3 (W.D. Wash. 2016) (unpublished).

Here, Plaintiff has not alleged facts from which it may be fairly determined that Believe in Recovery was acting under color of state law. According to the complaint, defendant is not a state actor but a private business. Dkt. 5-2, p. 3. In addition, plaintiff makes no allegations that defendant conspired or acted in concert with a state actor. Plaintiff therefore must show cause why his claims should not be dismissed on this basis.

*Failure to State a Claim*

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Plaintiff must allege a plausible set of facts that would show he is entitled to any relief.

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). Leave to amend need not be granted, however, "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (internal citation omitted).

To state a § 1983 claim, a plaintiff must both: (1) allege his or her federal constitutional or statutory rights were violated, and (2) show a person acting under color of state law deprived him or her of those rights. *Naffe v. Frey*, 789 F.3d 1030, 1035-36 (9th Cir. 2015); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). The plaintiff must show that the defendant personally participated in the alleged deprivation of federal constitutional or statutory rights. *Jones v.*

*Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012).

Here, plaintiff names only Believe in Recovery as a defendant. Dkt. 5-2, p. 2. He alleges that defendant is a private company that provides courts in Jefferson County with evaluations for drug and alcohol treatment, and that the company has refused him service and not returned his calls. Dkt. 5-2, p. 3. He alleges that the company has done so because it is "prejudiced against" him based on allegations he has made about "their sister agency" and because of certain personal attributes, including his "resistance to conforming to either cultural exceptionalism or American Exceptionalism" and his "not conforming to any scheme from which categorical authority and or adherence to the Golden rule might be consciously, systematically and knowingly debased." *Id.*

As noted above, plaintiff fails to set forth facts to show defendant was acting under color of state law at the time of the alleged harm.

In addition, liberally construing the complaint, plaintiff does not allege specific facts that, if true, would demonstrate a violation of any federal constitutional or statutory right. Accordingly, plaintiff has not stated against defendant under § 1983. For this additional reason, plaintiff's complaint should not be served.

If plaintiff files an amended complaint, he is directed to write out short, plain statements telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person (defendant) who violated the right; (3) exactly what that person did or failed to do; (4) how the action or inaction of that person is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of that person's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976). Plaintiff must repeat this process for each person he names as a defendant.

## CONCLUSION

Accordingly, plaintiff shall show cause why his complaint should not be dismissed or file an amended complaint to cure those deficiencies, if possible, **on or before May 17, 2019**. If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action under 28 U.S.C. § 1915, and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff should be aware that a prisoner who brings three or more civil actions or appeals that are dismissed on the grounds that they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis*, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

Dated this 16th day of April, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge