UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRASER ROTCHFORD,

                Plaintiff,

v.

BELIEVE IN RECOVERY,

                Defendant.

Case No. 3:19-cv-05140-BHS-TLF

REPORT AND RECOMMENDATION

NOTED: JULY 5, 2019

Fraser Rotchford has filed a motion for leave to proceed *in forma pauperis* (IFP) and a proposed civil rights complaint against Believe in Recovery. Dkt. 5. On April 16, 2019, the Court directed plaintiff to amend his complaint or otherwise show cause why the complaint should not be dismissed. Dkt. 6. Plaintiff has not responded.

For the reasons discussed below and in the Order to Show Cause or Amend the Complaint, Dkt. 6, the complaint fails to state a claim upon which relief can be granted. *See* Dkt. 5-2; FRCP 12(b)(6). Plaintiff has been provided an opportunity to comply with the pleading requirements and has not done so. Accordingly, the Court should deny plaintiff's motion for IFP status and dismiss the complaint without prejudice.

REPORT AND RECOMMENDATION - 1

DISCUSSION

*Liability of Private Party*

Plaintiff cannot sue a private actor like Believe in Recovery in a federal 42 U.S.C. § 1983 case except in narrow circumstances. To state a claim under § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Generally, private actors are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991).

To determine whether a private actor acts under color of state law for § 1983 purposes, the Court looks to whether the conduct causing the alleged deprivation of federal rights is "fairly attributable" to the state. *Price*, 939 F.2d at 707–08. Conduct may be fairly attributable to the state where (1) it results from a governmental policy and (2) the defendant is someone who fairly may be said to be a governmental actor. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). A private actor may be considered a governmental actor if the private actor conspires with a state actor or is jointly engaged with a state actor when undertaking a prohibited action. *Tower v. Glover*, 467 U.S. 914, 920 (1984). Receiving federal funding and being required to follow certain federal regulations does not turn a private entity into a government actor. *See Witmer v. Greater Lakes Mental Healthcare*, No. C15-5039 BHS, 2016 WL 1161689, at *3 (W.D. Wash. 2016) (unpublished).

Here, Plaintiff has not alleged facts from which it may be fairly determined that Believe in Recovery was acting under color of state law. According to the proposed complaint, defendant is not a state actor but a private business. Dkt. 5-2, p. 3. In addition, plaintiff makes no

1  allegations that defendant conspired or acted in concert with a state actor. Plaintiff's claims
2  should therefore be dismissed on this basis.
3      *Failure to State a Claim*
4      Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain
5  statement of the claim showing that the [plaintiff] is entitled to relief." Plaintiff must allege a
6  plausible set of facts that would show he is entitled to any relief.
7      The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any
8  time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a
9  claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is
10 immune from such relief." 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b). A complaint is frivolous
11 when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir.
12 1984). Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it
13 "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an
14 opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050,
15 1055 (9th Cir. 1992).
16     To state a § 1983 claim, a plaintiff must both: (1) allege his or her federal constitutional
17 or statutory rights were violated, and (2) show a person acting under color of state law deprived
18 him or her of those rights. *Naffe v. Frey*, 789 F.3d 1030, 1035-36 (9th Cir. 2015); *Tsao v. Desert*
19 *Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). Section 1983 is the appropriate avenue to
20 remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769
21 F.2d 1350, 1354 (9th Cir. 1985). The plaintiff must show that the defendant personally
22 participated in the alleged deprivation of federal constitutional or statutory rights. *Jones v.*

REPORT AND RECOMMENDATION - 3

*Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012).

Here, plaintiff names only Believe in Recovery as a defendant. Dkt. 5-2, p. 2. He alleges that defendant is a private company that provides courts in Jefferson County with evaluations for drug and alcohol treatment, and that the company has refused him service and not returned his calls. Dkt. 5-2, p. 3. He alleges that the company has done so because it is "prejudiced against" him based on allegations he has made about "their sister agency" and because of certain character traits, including his "resistance to conforming to either cultural exceptionalism or American Exceptionalism" and his "not conforming to any scheme from which categorical authority and or adherence to the Golden rule might be consciously, systematically and knowingly debased." *Id.*

As noted above, plaintiff fails to set forth facts to show defendant was acting under color of state law at the time of the alleged harm.

In addition, liberally construing the complaint, plaintiff does not allege specific facts that, if true, would demonstrate a violation of any federal constitutional or statutory right. Accordingly, plaintiff has not stated against defendant under § 1983. For this additional reason, plaintiff's complaint should be dismissed.

## CONCLUSION

Because the proposed complaint, Dkt. 5-2, does not state a claim for relief under 42 U.S.C. § 1983, the Court should DISMISS this action without prejudice under 28 U.S.C. § 1915(e)(2). The Court should DENY plaintiff's motion to proceed *in forma pauperis*, Dkt. 5.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); *see also* FRCP 6. Failure to

REPORT AND RECOMMENDATION - 4

file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **July 5, 2019**, as noted in the caption.

The Clerk is directed to send Plaintiff a copy of this Report and Recommendation.

Dated this 12th day of June, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5